**DOOLIN SECURITY SAVINGS
BANK, F.S.B., Petitioner,**

v.

**OFFICE OF THRIFT SUPERVISION and
Nicolas P. Retsinas, Director, Office of
Thrift Supervision, Respondents.**

No. 97–1222.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 1, 1998.

Before: HENDERSON, RANDOLPH,
and TATEL, Circuit Judges.

Opinion for the Court filed PER
CURIAM.

PER CURIAM:

Nearly three months after our opinion issued in *Doolin Security Savings Bank, FSB v. OTS,* 139 F.3d 203 (D.C.Cir.1998), petitioner Doolin Security Savings Bank filed a motion seeking a recall of the mandate. We deny the motion for the reasons that follow.

Our decision, issued on March 27, 1998, upheld a cease and desist order the Office of Thrift Supervision issued against the Bank. OTS had initiated administrative enforcement proceedings against the Bank in September 1993, when Jonathan L. Fiechter, then Acting Director of OTS, filed a "Notice of Charges and Hearing for Issuance of Cease and Desist Order Directing Affirmative Action." Two and a half years later an Administrative Law Judge issued a "Recommended Decision" that the Bank had violated the law and engaged in unsafe and unsound banking practices. When Fiechter later resigned, Nicolas P. Retsinas became the new acting director of the agency and passed on the ALJ's recommendation and the Bank's motion to dismiss for lack of jurisdiction. *See Doolin,* 139 F.3d at 204.

The Bank's objection—characterized as "jurisdictional," we suppose, because it had not been raised earlier in the administrative proceedings—proceeded from the status of the Director of OTS as an "advice and consent" position requiring Presidential nomination and Senate confirmation. Fiechter had served as Acting Director of OTS for close to four years after the outgoing Director purported to delegate his powers to him; the President never nominated Fiechter for the position of Director. His replacement, Retsinas, came to his position through a different route: President Clinton appointed Retsinas Acting Director pursuant to the Vacancies Act, 5 U.S.C. §§ 3345–3349, which authorizes the President to transfer a constitutionally appointed officer from his original post to fill temporarily a vacant office without first obtaining Senate approval. *See Doolin,* 139 F.3d at 205. The Bank contended that Fiechter had never lawfully exercised the powers of Director, and therefore it viewed

the position of Director as having been vacant for more than four years before the President invoked the Vacancies Act to appoint Retsinas to the office. According to the Bank, the Vacancies Act contains a time limit that prevents the President from filling vacancies left open for more than 120 days, and therefore Retsinas also could not lawfully exercise the powers of the Director.

In his opinion adopting the ALJ's recommended decision, Acting Director Retsinas commented that the Bank's motion to dismiss for lack of jurisdiction was filed beyond the time limits set forth in OTS regulations, and more than three months after Acting Director Fiechter resigned. Nevertheless, he addressed the Bank's arguments and rejected them.

In its opening brief in this court, the Bank challenged Retsinas' and Fiechter's authority to exercise the powers of Director of OTS for the same reasons it had urged before Retsinas. In its reply brief, however, the Bank raised an entirely new argument—namely, that Fiechter had actually been authorized to exercise the powers of Director, but only for the first 120 days of his tenure. The Bank asserted, for the first time, that Fiechter had been the previous Director's "first assistant." Under §§ 3345 and 3346 of the Vacancies Act, a "first assistant" automatically fills a vacancy caused by resignation, sickness or absence unless the President directs otherwise; absent certain contingencies, the temporary replacement is permitted to perform the duties of the office for 120 days. Once a first assistant has occupied the office for the permitted term under the automatic succession provision, the President is no longer empowered by the Vacancies Act to assign another officer to the position; the President's only option is to submit a nomination and await Senate confirmation. The Bank's claim that Fiechter was a "first assistant" authorized to serve for the first 120 days after his predecessor's departure was therefore a new challenge to Retsinas' designation under the Vacancies Act: if Fiechter occupied the office as a successor "first assistant" under the Vacancies Act, the President could not have assigned Retsinas to fill the position four years later.

The United States, which filed a brief as amicus curiae in this case discussing the proper construction of the Vacancies Act, among other matters, represented in its brief and at oral argument that Fiechter was not a "first assistant" for the purposes of the Vacancies Act. OTS informed the court that the Director had no "statutory first assistant," and argued that Fiechter had not exercised the powers of Director under the automatic succession provision for first assistants under the Vacancies Act.

We held that Retsinas was authorized to serve as Acting Director under the Vacancies Act. In a footnote, we explained that the Bank had waited too long to raise the argument, contained in its reply brief, that Fiechter automatically succeeded to the position as a "first assistant." *See Doolin,* 139 F.3d at 209 n. 3. We also pointed out that OTS's governing statute designated only the position of Director, and said nothing about a position of "first assistant." *See id.*

On June 19, 1998, amici Maxxam, Inc., *et al.* informed the court that several orders signed by either a former Acting Director or a former Director of OTS identified Fiechter, or the occupant of his office, as the "first assistant" at the agency. Some of these documents purported to designate Fiechter "first assistant" for the purpose of filling a vacancy in the Director's office under the Vacancies Act. The Department of Justice has informed us it was unaware of these orders when it made its representations about Fiechter's status. OTS admits inadvertent error in failing to bring these orders to the court's attention. The Bank has moved for an order recalling the mandate because it believes our opinion in *Doolin* "rests entirely on [this] single factual premise as to which the Court was misled by the Government." *See* Petitioner Doolin Security Savings Bank, F.S.B.'s Motion to Recall Mandate and Withdraw Opinion, at 2.

The Bank's view of our opinion is incorrect. Our opinion addressed Fiechter's status only briefly, in a footnote, stating that we would not decide the issue because the Bank raised it for the first time in its reply brief. Furthermore, the Bank never argued in the administrative proceedings that Fiechter was

a "first assistant" within the meaning of the Vacancies Act. To the contrary, the Bank's motion to dismiss for lack of jurisdiction rested on the proposition that Fiechter *never* lawfully exercised the powers of Director. In addition to the Bank's failure to raise the issue in its opening brief in this court, its failure to exhaust administrative remedies is reason enough for denying its recall motion. *See McGee v. United States*, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971). If the Bank had pursued this issue before the agency, it might well have discovered the information Maxxam uncovered. As we stated in *Doolin*, "[w]hether Fiechter was the Director's 'first assistant' within the meaning of the Vacancies Act is far from so clear that the Bank did not have to raise the point in its opening brief or in the administrative proceedings." *Doolin*, 139 F.3d at 209 n. 3.

Furthermore, whether internal OTS documents referring to Fiechter as a "first assistant" rendered him such for the purposes of the Vacancies Act is a matter of considerable uncertainty. Our opinion in *Doolin* recognized that, according to "one line of authority," the position of "first assistant" must be created by statute before the automatic succession provision of the Vacancies Act applies. *See id.* In other words, that OTS labeled Fiechter "first assistant" did not necessarily make him a "first assistant" entitled to succeed an outgoing director under the Vacancies Act. We need not reach and decide this question, however, because the issue was never properly before us.

The motion to recall the mandate is denied.

KAREN LECRAFT HENDERSON, Circuit Judge, concurring:

I concur in the court's denial of the motion to recall the mandate.